Supreme Lodge K. of P. *v.* Sourwine *et al.*

Filed June 12, 1896.

---

No. 2.060.

## SUPREME LODGE K. OF P. *v.* SOURWINE ET AL.

INSURANCE. — *Mutual Benefit Association.— Evidence.*— A finding that the medical examiner-in-chief of a mutual benefit association disapproved an examination before a special examiner appointed for that purpose, of an applicant for a transfer from one class to another, and rejected the application because of applicant's age, and for no other reason, is justified by a letter from such medical examiner-in-chief to an officer of applicant's lodge, referring to the rejection, stating that the physical condition of a man 75 years of age is not such as to warrant acceptance.

From the Clay Circuit Court.

*E. S. Holliday* and *G. A. Byrd*, for appellant.

*A. W. Knight*, for appellees.

REINHARD, J.—This case is here for the second time. 12 Ind. App. 447. On the first appeal the complaint was held sufficient and the judgment of the lower court, sustaining a demurrer thereto, reversed. The case was tried in the court below, and the appellees recovered judgment on the policy for $2,715.35. The only ground relied upon for a reversal at this time is the alleged insufficiency of the evidence.

Appellee's decedent was a member of the appellant's order in good standing, and, it is alleged, was eligible to be transferred from one class to another in the endowment rank, and had done all that was required of him to be done in order to be entitled to be so transferred. He was seventy-five years of age, and had undergone a successful medical examination before the medical examiner, duly appointed for that purpose. The application, however, was referred to the medical examiner-in-chief, Dr. Querner.

It is averred, in the complaint, "that on the 8th day of March, 1889, said examiner-in-chief arbitrarily, and without any valid or legitimate excuse or cause, disapproved said examination and rejected the application peremptorily because of his age, and for no other reason."

It is insisted that as to this charge there is a total failure of proof, while appellant concedes that the evidence in all other respects is sufficient. We are, therefore, relieved of the duty of determining anything except the sufficiency of the evidence upon the point mentioned.

According to the ruling of this court upon the former appeal, if the appellee succeeded in proving to the satisfaction of the court or jury that the only reason the chief examiner rejected the decedent was his age and not his physical condition, the appellee would be entitled to recover.

There was evidence to support the averment alluded to. In his answer to another officer of the lodge, who requested him to give him what information he had, and why he rejected the decedent, Dr. Querner wrote as follows:

"March 20, 1889.

"Dear Sir and Brother—In regard to the rejection of the application, the rule being that the cause is left to the Supreme Lodge. But will say that the physical condition of a man seventy-five years of age is not such as to warrant the acceptance.

"Fraternally yours,        "L. A. QUERNER."

This letter was introduced in evidence. At the trial, it is true, Dr. Querner testified that he rejected the applicant partly because he had fatty degeneration of the heart. The trial court, however, was not bound to accept this testimony as true, in preference to the statement made by Dr. Querner in his letter, written several years before the time of his testimony. There was, at least, some evidence that the decedent was rejected by Querner on account of his age, and not because of any physical infirmity. This, as was held in the former opinion, was contrary to the plain provisions of the appellant's constitution, and the act of rejecting the applicant was null and void, and he became a member of the endowment rank in the class to which he asked to be transferred, notwithstanding such rejection.

It is the individual opinion of the writer, that when the decedent was thus rejected he should have proceeded against the lodge to compel it to accept him as a member of the rank to which he asked to be transferred, and having failed to do this, and having escaped the burden of contributing for many months to the fund out of which death losses were paid, his representatives cannot be permitted to share in the

distribution of the money contributed by the other members. But, as this question was determined contrary to these views on the former appeal, the rule there laid down must be adhered to now. There being evidence in support of the finding, we cannot disturb the judgment.

Judgment affirmed.

Filed June 12, 1896.